1
2
3
4
5
6
7

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 5/14/09

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAY 1 4 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

AMILCAR DE JESUS        )    Case No. CV 09-3352-MMM (RNB)
ROMERO,                 )
                        )
            Petitioner, )    ORDER TO SHOW CAUSE
                        )
        vs.             )
                        )
W.J. SULLIVAN,          )
                        )
            Respondent. )
_____)

17
18
19
20
21
22
23
24

   On or about April 12, 2009,[1] petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet."). herein. The Petition purports to be challenging a 1997 judgment of conviction sustained in Los Angeles County Superior Court Case No. BA140096. (See Pet. at ¶ 2). All of petitioner's claims are sentencing error claims. He contends that the trial court erred, that his counsel rendered ineffective assistance, and that prosecutor committed misconduct in connection with one of the prior conviction allegations utilized to enhance his

25
26
27
28

_____

   [1]    April 12, 2009 is the signature date and thus the earliest date on which petitioner could have turned the Petition over to the prison authorities for mailing. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) (holding that the prison mailbox rule applies to a habeas petitioner's state and federal filings); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (same).

1  sentence. He also contends that the trial court committed sentencing error when it
2  used a fact to enhance his sentence that was not proved to the jury beyond a
3  reasonable doubt, and when it used the same fact to both justify an upper term
4  sentence and impose an enhancement term. (See Pet. at ¶ 7.a-d).

5      Since this action was filed after the President signed into law the Antiterrorism
6  and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is
7  subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. §
8  2244(d). See Calderon v. United States District Court for the Central District of
9  California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S.
10  1099 and 118 S. Ct. 1389 (1998).[2] 28 U.S.C. § 2244(d) provides:

11          "(1)   A 1-year period of limitation shall apply to an application
12      for a writ of habeas corpus by a person in custody pursuant to the
13      judgment of a State court. The limitation period shall run from the latest
14      of--

15              (A)   the date on which the judgment became final by
16          conclusion of direct review or the expiration of the time for
17          seeking such review;

18              (B)   the date on which the impediment to filing an
19          application created by State action in violation of the Constitution
20          or laws of the United States is removed, if the applicant was
21          prevented from filing by such State action;

22              (C)   the date on which the constitutional right asserted
23          was initially recognized by the Supreme Court, if the right has
24          been newly recognized by the Supreme Court and made

25

26
_____

27      [2]   Beeler was overruled on other grounds in Calderon v. United States
    District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526
28  U.S. 1060 (1999).

retroactively applicable to cases on collateral review; or

      (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, it appears from the face of the Petition that petitioner failed to petition the California Supreme Court for review of the Court of Appeal decision on direct appeal. (See Pet. at ¶ 4). Under the relevant California Rules of Court, his time for doing so lapsed 40 days after the June 30, 1998[3] filing of the Court of Appeal opinion. See Cal. R. Ct. 8.264(b)(1) [formerly 24(b)(1)] and 8.500(e)(1) [formerly 28(e)(1)]. Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on August 9, 1998.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Even if the Court were to construe the sentencing error claim alleged in Ground four of the Petition as being based (at least in part) on the Supreme Court's 2007 decision in Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), petitioner is unable to make the requisite showing under 28 U.S.C. § 2244(d)(1)(C) that this claim is based on a constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. In Cunningham, the Supreme Court was merely applying the rule of Apprendi v. New

---

    [3]    Although petitioner specified that June 30, 1999 was the date of the California Court of Appeal decision (see Pet. at ¶ 3.c), the California Appellate Courts website reflects that the decision actually was filed a year earlier on June 30, 1998. The Court also notes that the June 30, 1998 date is referenced in the Superior Court Order of October 9, 2007 that petitioner has attached as an exhibit to his filing herein.

1    Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as subsequently
2    applied in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403
3    (2004) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621
4    (2005), to California's determinate sentencing law. See Cunningham, 127 S. Ct. at
5    864-71; see also Butler v. Curry, 528 F.3d 624, 639 (9th Cir.) (holding that
6    Cunningham did not announce a new rule of constitutional law since "Apprendi,
7    Blakely, and Booker made 'courts throughout the land' aware that sentencing
8    schemes that raise the maximum possible term based on facts not found by a jury
9    violate the constitutional rights of defendants."), cert. denied, 129 S. Ct. 767 (2008).
10   Petitioner's judgment of conviction became final before Apprendi, Blakely, and
11   Booker, and the Ninth Circuit has held that none of those cases applies retroactively
12   to cases on collateral review. See United States v. Cruz, 423 F.3d 1119, 1121 (9th
13   Cir. 2005) (Booker not retroactive), cert. denied, 546 U.S. 1155 (2006); Schardt v.
14   Payne, 414 F.3d 1025, 1038 (9th Cir. 2005) (Blakely not retroactive), pet. for cert.
15   filed (Nov. 10, 2005); United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th
16   Cir.) (Apprendi not retroactive), cert. denied, 537 U.S. 939 (2002). Finally, it is clear
17   that petitioner has no basis for contending that he is entitled to a later trigger date
18   under § 2244(b)(1)(D) since petitioner was aware of the **factual** predicate of each of
19   his claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254
20   F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a
21   prisoner "knows (or through diligence could discover) the important facts, not when
22   the prisoner recognizes their legal significance").

23          Thus, unless a basis for tolling the statute existed, petitioner's last day to file
24   his federal habeas petition was August 9, 1999. See Patterson v. Stewart, 251 F.3d
25   1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

26          28 U.S.C. § 2244(d)(2) provides:
27          "The time during which a properly filed application for State post-
28          conviction or other collateral review with respect to the pertinent

4

1   judgment or claim is pending shall not be counted toward any period of
2   limitation under this subsection."

3

4       In <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104
5   (2000), the Ninth Circuit construed the foregoing tolling provision with reference to
6   California's post-conviction procedures.  The Ninth Circuit held that "the statute of
7   limitations is tolled from the time the first state habeas petition is filed until the
8   California Supreme Court rejects the petitioner's final collateral challenge."  <u>See</u> <u>id.</u>
9   at 1006.  <u>Accord, Carey v. Saffold</u>, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed.
10  2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's
11  application for collateral review remains "pending" during the intervals between the
12  time a lower state court denies the application and the time the petitioner files a
13  further petition in a higher state court).
14      Here, the only collateral challenges reflected in the Petition are habeas petitions
15  that petitioner indicates he filed in the Los Angeles County Superior Court on
16  September 19, 2007, in the California Court of Appeal on April 10, 2007, and in the
17  California Supreme Court on April 16, 2008.  (<u>See</u> Pet. at ¶ 6).  However, it appears
18  from the copy of the Superior Court's October 9, 2007 denial order that petitioner
19  also filed a Superior Court habeas petition on June 9, 1999 that was denied on June
20  10, 1999, as well a second Superior Court habeas petition on July 2, 1999 that was
21  denied for being identical to the habeas petition filed on June 9, 1999.  Further, the
22  Court's review of the California Appellate Courts website reveals that petitioner has
23  filed altogether six habeas petitions in the California Court of Appeal relating to his
24  conviction in Los Angeles Superior Court Case No. BA140096.  Of these, all but two
25  were filed on July 28, 1999 and denied on August 4, 1999.  Of the other two, one was

26
27
28

5

1  filed on April 4, 2007[4] and denied on May 18, 2007, and the other was filed on
2  December 4, 2008 and denied on December 23, 2008.  The California Appellate
3  Courts website likewise reveals that, prior to the filing of the California Supreme
4  Court habeas petition referenced in ¶ 6.c of the Petition, petitioner filed four other
5  California Supreme Court habeas petitions: one on June 11, 1999 that was denied on
6  September 29, 1999, and three on September 27, 1999 that were denied on January
7  25, 2000.

8      Even if the Court were to accord petitioner the benefit of statutory tolling from
9  the filing of his first Superior Court habeas petition on June 9, 1999 through January
10 25, 2000, when the last of petitioner's 1999 California Supreme Court habeas
11 petitions was denied, petitioner still would not be entitled to any statutory tolling for
12 the 10-month period that elapsed between August 9, 1998 (when his judgment of
13 conviction became final) and June 9, 1999 (when he filed his first collateral
14 challenge).  See Nino, 183 F.3d at 1006.  Nor does it appear that petitioner would be
15 entitled to any statutory tolling for the more than 7-year period that elapsed between
16 the denial of his three California Supreme Court habeas petitions on January 25, 2000
17 and the filing of his next collateral challenge on April 4, 2007.  Under Evans v.
18 Chavis, 546 U.S. 189, 126 S. Ct. 846, 854, 163 L. Ed. 2d 684 (2006), even where the
19 state court's denial order does not specify that the petition is being denied for
20 untimeliness, an unexplained delay of six months does not "fall within the scope of
21 the federal statutory word 'pending' as interpreted in Saffold."  Here, the delay was
22 fourteen times the length of the unexplained delay in Chavis.  Thus, it appears that
23 petitioner would not be entitled to any statutory tolling for any of his state habeas
24 petitions filed beginning in 2007, since the first of them was not filed until long after
25 petitioner's federal filing deadline already had lapsed.  See, e.g., Ferguson v.

27    [4]    This petition is the same petition that petitioner indicated he filed on
28 April 10, 2007.

6

1   Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the
2   reinitiation of the limitations period that has ended before the state petition was
3   filed," even if the state petition was timely filed), cert. denied, 540 U.S. 924 (2003);
4   Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d
5   894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

6          The Ninth Circuit has held that the district court has the authority to raise the
7   statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the
8   petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the
9   Rules Governing Section 2254 Cases in the United States District Courts, so long as
10  the court "provides the petitioner with adequate notice and an opportunity to
11  respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
12  260 F.3d 1039, 1042-43 (9th Cir. 2001).

13         IT THEREFORE IS ORDERED that, on or before **June 30, 2009**, petitioner
14  show cause in writing, if any he has, why the Court should not recommend that this
15  action be dismissed with prejudice on the ground of untimeliness.  If petitioner
16  intends to rely on the equitable tolling doctrine, he will need to include with his
17  response to the Order to Show Cause a declaration under penalty of perjury stating
18  facts showing (1) that "extraordinary circumstances" beyond petitioner's control
19  stood in his way and were the proximate cause of his untimeliness, and (2) that he has
20  been pursuing his rights diligently. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S.
21  Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964,
22  969 (2006), cert. denied, 127 S. Ct. 1880 (2007); Rasberry v. Garcia, 448 F.3d 1150,
23  1153 (9th Cir. 2006); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) .

25  DATED:  May 14, 2009

                                    ROBERT N. BLOCK
                                    UNITED STATES MAGISTRATE JUDGE

                                    7