

"O"

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-5-09

DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

NOV -5 2009

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMILCAR DE JESUS ROMERO,<br><br>　　　　Petitioner,<br><br>vs.<br><br>W.J. SULLIVAN,<br><br>　　　　Respondent. | Case No. CV 09-03352-MMM (RNB)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed herein. Having made a *de novo* determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge.

　　　　Specifically, with respect to petitioner's arguments regarding equitable tolling, and his request that he be permitted to seek discovery from respondent regarding equitable tolling, petitioner relies heavily on the fact that he did not understand English at the time of his conviction, and did not learn enough English to "resume[ ] . . . study [of] his case" until the middle of 2006. Petitioner, however, does not allege facts indicating that his lack of English skills made it impossible for him to file a petition between 1999 and 2006.

In *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006), the Ninth Circuit remanded to the district court to conduct further factual development regarding a Spanish-speaking prisoner's claim that the law libraries in the prisons where he was incarcerated lacked Spanish language legal materials and that he was unable to find an English-speaking inmate to translate and interpret for him until after AEDPA's one year statute of limitations passed. *Id.* at 1069. The court noted that its holding comported with the decisions of circuit courts that had "rejected a per se rule that a petitioner's language limitations can justify equitable tolling, but . . . recognized that equitable tolling [might] be justified if language barriers actually prevent[ed] timely filing." *Id.* See also *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that a petitioner's "inability to speak, write and/or understand English, in and of itself, does not automatically" justify equitable tolling, and concluding that the "existence of a translator who can read and write English and who assists a petitioner during appellate proceedings" renders the petitioner ineligible for equitable tolling). Thus, the *Mendoza* court held that "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza*, 449 F.3d at 1070. The court emphasized that to qualify for equitable tolling, an inmate would have to show not only inability to access foreign language materials and/or an English translator, but diligence in attempting to locate one or the other. *Id.*

Petitioner has simply not made an adequate showing. First, petitioner acknowledges that he found an inmate "willing to help him continue his case" in 1999. This inmate filed petitions for habeas corpus in the Superior Court and California Court of Appeal in 1999.[1] As is evident from the Report and Recommendation, these petitions were filed *before* the one-year AEDPA statute of limitations ran. Thus, it is clear that

---

[1] Response to Order to Show Cause at 2.

petitioner had access to assistance that would have permitted him to file his petition on time.

Although petitioner asserts that the inmate who was assisting him was later transferred to another prison facility, and that some of his legal materials were transferred with the inmate, he does not demonstrate that the materials that were lost precluded him from continuing his efforts to challenge the conviction. He does not, for example, show that the materials contained information of which he was otherwise unaware that ultimately formed the basis for his claims in this action. Compare, e.g., *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (even though a § 2255 petitioner did not have access to trial transcripts, the facts supporting his claims, which occurred at the time of his conviction, could have been discovered had he "at least consult[ed] his own memory of the trial proceedings"; because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)). In fact, the record is clear that petitioner knew the primary fact on which he relies – i.e., the facts concerning the prior conviction used to enhance his sentence – well prior to this time.

Finally, petitioner does not claim that he was unable to find other assistance or that he lacked access to Spanish-language materials after the inmate was transferred and before the AEDPA statute of limtiations ran. Thus, petitioner's showing of facts supporting equitable tolling is deficient.

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED:   October 30, 2009

*Margaret M. Morrow*
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE